**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LYNNE WOODISON LYMAN,**

    Plaintiff,

vs.    **CASE NO.**

**GREATER BOSTON RADIO, INC.**    HON. _____
a/k/a Greater Media, a/k/a Greater Media
Detroit, a Foreign Corporation**,**

    Defendant.

---

**Deborah L. Gordon PLC**
**Deborah L. Gordon (P27058)**
**Carol A. Laughbaum (P41711)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **LYNNE WOODISON LYMAN** by her attorneys **Deborah L. Gordon PLC,** complains against Defendant as follows:

### *Jurisdiction and Parties*

    **1.**    This is an action for sex/gender discrimination, age discrimination, defamation, violations pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 USC §2000 *et seq.*, and the Age Discrimination in Employment Act, 29 USC §621 *et seq.*, as well as the Fair Labor Standards Act, 29 USC §201, *et seq.*

    **2.**    The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiff's claims arise out of her employment relationship with Defendant **Greater Boston Radio, Inc**.

4. Plaintiff **Lynne Woodison Lyman** (hereafter "Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

5. Defendant **Greater Boston Radio**, **Inc., a/k/a Greater Media, a/k/a Greater Media Detroit** (hereafter "Defendant") is a Delaware corporation, with a radio station and office located in Ferndale, Michigan.

6. The events underlying this Complaint occurred in the Eastern District of Michigan and this matter is otherwise within the jurisdiction of this Court.

7. Plaintiff filed charges of discrimination on the basis of gender, age and retaliation against Defendant with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practices alleged in this claim.

8. Plaintiff timely filed this action within 90 days of receiving her "Notice of Right to Sue" from the Equal Employment Opportunity Commission, which she received subsequent to August 20, 2009.

## Background Facts

9. Plaintiff is a 58 year old female.

10. On or about March 1997, Plaintiff was hired by Defendant as a full-time newsreader.

11. Plaintiff maintained that position until 2000, when Plaintiff became a co-host of the "JJ and Lynne – The Classic Rock Morning Show" on 94.7 WCSX.

12. During the course of her employment with Defendants, Plaintiff performed her job

duties in a manner that were satisfactory or better.

13. In addition to her on-air duties, Plaintiff ran promotions in and out of the office, marketed them and made numerous appearances outside of her work time. She also did the majority of the research for the show and acted as a de facto producer.

14. Plaintiff performed all of the duties performed by her co-host, James Johnson, and performed duties additional to those he performed.

15. In contrast, Plaintiff's co-host, James Johnson, was regularly given warnings, negative write-ups, and negative reviews. Mr. Johnson was also threatened with a lawsuit for his inappropriate behavior in grabbing a female employee at a Greektown Casino event in or about 2003, for which he was never disciplined.

16. Nonetheless, Plaintiff's salary remained substantially less than her co-host's through 2008.

17. Plaintiff objected to this pay disparity at that time and repeatedly thereafter to Defendant's senior management. However, the disparity remained throughout Plaintiff's tenure with Defendant.

18. In 2006, Plaintiff discovered that Defendant's management had been paying her partner a yearly Management Development Bonus of approximately $24,000.00 which was not offered to the Plaintiff.

19. Plaintiff complained about the bonus disparity verbally to Defendant's management in or about 2006, but still nothing was done.

20. Plaintiff was surrounded by a discriminatory and unlawful work environment where

women were described as sex objects and derided on a daily basis.

21. Plaintiff's co-host showed her nude photographs on his computer screen on a daily basis and would harass her with derogatory terms and sexual references while they were broadcasting on the air.

22. Plaintiff complained about this numerous times to her General Manager and was thereafter labeled a "bitch" in retaliation for complaining about this harassment.

23. Plaintiff's co-host would also request sexual favors from her in front of other co-workers, to which she objected numerous times to her co-host as well as her co-workers.

24. In or about 2007, Plaintiff was cornered by her supervisor while she was alone in her office and shown an article about waxing pubic hair and different ways to "decorate." This incident was reported verbally and in writing to management of Defendant.

25. In or about April 2007, Plaintiff complained of the pay disparity and the harassment in writing to Tom Bender, Senior Vice President and General Manager of Defendant, and requested a meeting to discuss these issues.

26. Nine months passed before they met.

27. On or about November 11, 2008, Plaintiff and her co-host were informed by Douglas Podell, Defendant's Director of Rock Operations, that they were terminated for low ratings. Podell incorrectly stated the JJ and Lynne Show had slipped to 11th place on morning show rankings, when in fact they were in 5th place.

28. Station representative John Gallagher gave a subsequent interview to "Detroit Make It Here," an internet division of Crain's Detroit Business in or about January 2009, falsely stating

that the "JJ and Lynne Show" was in 11th or 12th place.

29. Plaintiff and her co-host were replaced by younger, under-performing male radio personalities whose radio format was sexist and discriminatory to women.

## Count I – Sex/Gender Discrimination (Hostile Environment Harassment)
## Title VII of the Civil Rights Act of 1964

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above.

31. At all relevant times Plaintiff was an employee and Defendant was her employer within the meaning of Title VII of the Civil Rights Act of 1964, *as amended*, 482 USC '2000e, *et seq*.

32. Throughout the course of her employment, Plaintiff was sexually harassed by agents and employees of Defendant.

33. Said sexual harassment has included, but is not limited to, unwelcome comments and conduct of a sexual nature and the creation of a hostile work environment.

34. The conduct of Defendant's agents and employees in sexually harassing Plaintiff constitutes sex discrimination, in violation of Title VII, supra.

35. Defendant had notice, constructive or actual, of the sexually hostile environment and failed to take prompt remedial action.

36. The actions of Defendant, by its agents, employees, and representatives were intentional and in deliberate disregard for the rights and sensibilities of Plaintiff.

37. As a direct and proximate result of those actions, the terms, conditions and privileges of Plaintiff's employment were adversely affected.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings and earning capacity; loss of fringe and retirement benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

## COUNT II – Gender Discrimination
## Title VII of the Civil Rights Act of 1964

39. Plaintiff repeats and realleges the allegations stated in Paragraphs 1 through 38 above.

40. At all relevant times, Plaintiff was an employee and Defendant was her employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, *as amended*, 482 USC '2000e, *et seq*.

41. Plaintiff is a member of a protected class; she is female.

42. At all times, Plaintiff performed her job duties in a manner that was satisfactory or better.

43. Defendant's treatment of Plaintiff, as described above, was based, at least in part, on the unlawful consideration of her sex/gender.

44. Similarly situated men were treated better in the terms and conditions of their employment.

**45.**     Agents of Defendant were predisposed to discriminate against Plaintiff based on her gender.

**46.**     The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**47.**     As a direct and proximate result of the violation of Plaintiff's rights as alleged, she has suffered loss of earnings and earning capacity, past and future lost earnings, the value of fringe, profit-sharing, retirement, pension benefits and stock options; she has sustained mental and emotional distress, embarrassment, humiliation, and anxiety about the future, damage to her good name and reputation; and loss of the ordinary pleasures of everyday life.

## COUNT III – Retaliation
## Title VII of the Civil Rights Act of 1964

**48.**     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 above.

**49.**     At all relevant times, Plaintiff was an employee and Defendant was her employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, *as amended*, 482 USC '2000e, *et seq*.

**50.**     Title VII prohibits retaliation against any person "because the person has opposed a violation of this act or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." MCLA §37.2701.

**51.**     Plaintiff engaged in activity protected by Title VII when she complained of and opposed unlawful sex discrimination, harassment and wage disparity by Defendant and its agents.

**52.** The retaliation, by Defendant, and its agents, that Plaintiff has experienced as a result of engaging in protected activity included, but was not limited to: withholding portions of earned bonuses, harassing her, issuing written discipline and terminating her.

**53.** The actions of Defendant and its agents were wilful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**54.** As a direct and proximate result of the violation of Plaintiff's rights as alleged, she has suffered loss of earnings and earning capacity, past and future lost earnings, the value of fringe, profit-sharing, retirement; she has sustained mental and emotional distress, embarrassment, humiliation, and anxiety about the future, damage to her good name and reputation; and loss of the ordinary pleasures of everyday life.

## COUNT IV
### Gender Discrimination (Equal Pay Act)

**55.** Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 above.

**56.** At all relevant times, Plaintiff was an employee and Defendant was her employer within the meanings set forth in the Fair Labor Standards Act (FLSA), 29 USC §201, *et seq.*

**57.** At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce for Defendant, within the meaning of the FLSA.

**58.** At all relevant times, Defendant was prohibited from discriminating against Plaintiff by paying wages and benefits to Plaintiff at a rate less than the rate at which Defendant pays wages and benefits to male employees for equal work on jobs the performance of which requires equal

skill, effort and responsibility, and which are performed under similar working conditions. 29 USC §206(d).

59. At all relevant times, Defendant has paid Plaintiff wages and benefits at a rate less than the rate at which Defendant paid wages and benefits to male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which are performed under similar working conditions.

60. The actions of Defendant and its agents were wilful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

61. As a direct and proximate result of the violation of Plaintiff's rights as alleged, she has suffered loss of earnings and earning capacity, past and future lost earnings, the value of fringe, profit-sharing, and retirement; she has sustained mental and emotional distress, embarrassment, humiliation, and anxiety about the future, damage to her good name and reputation; and loss of the ordinary pleasures of everyday life.

## COUNT V
### Retaliation (Equal Pay Act)

62. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 61 above.

63. At all relevant times, Plaintiff was an employee and Defendant was her employer within the meanings set forth in the Fair Labor Standards Act 29 USC §201, *et seq.*

64. At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce for Defendant, within the meaning of the FLSA.

65. At all relevant times, Defendant was prohibited from retaliating against Plaintiff "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 USC §215(a)(3).

66. Defendant engaged in activity protected by the Fair Labor Standards Act when Plaintiff complained of and opposed unlawful sex discrimination with regard to her compensation by Defendant and its agents.

67. Defendant, and its agents, knew that Plaintiff was objecting to unlawful sex discrimination with regard to her compensation.

68. The retaliation, by Defendant, and its agents, that Plaintiff has experienced as a result of engaging in protected activity has included, but was not limited to, the following adverse actions: withholding portions of earned bonuses, harassment, issuing written discipline and terminating her.

69. The actions of Defendant and its agents were wilful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

70. As a direct and proximate result of the violation of Plaintiff's rights as alleged, she has suffered loss of earnings and earning capacity, past and future lost earnings, the value of fringe, profit-sharing, and retirement; she has sustained mental and emotional distress, embarrassment, humiliation, and anxiety about the future, damage to her good name and reputation; and loss of the ordinary pleasures of everyday life.

**COUNT VI – Age Discrimination**
**Age Discrimination in Employment Act**

71. Plaintiff repeats and realleges Paragraphs 1 through 70 set forth above.

72. At all times material hereto, Plaintiff has been an employee and Defendant her employer, covered by and within the meaning of the Age Discrimination in Employment Act, 29 USC § 621 *et seq.*

73. Plaintiff's age was a factor that made a difference in Defendant's and contributed to Defendant's decision to terminate Plaintiff.

74. Defendant, by its agents, representatives and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

75. The actions of Defendant, its agents, representatives and employees, were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

76. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, Plaintiff has suffered injuries and damages, including, but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; she has suffered mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice; and loss of professional reputation.

**RELIEF REQUESTED**

For all the foregoing reasons, Plaintiff **Lynne Woodison Lyman** demands judgment against the Defendant as follows:

A. **Legal Relief:**

1.  Compensatory damages in whatever amount above $75,000 she is found to be entitled;

2.  Exemplary damages in whatever amount above $75,000 she is found to be entitled;

3.  Punitive damages in whatever amount above $75,000 she is found to be entitled;

4.  A judgment for lost wages and benefits in whatever amount above $75,000 she is found to be entitled;

5.  An award of interest, costs and reasonable attorney fees.

B.  **Equitable Relief:**

1.  An injunction out of this Court prohibiting any further acts of wrongdoing and putting Plaintiff in the position she would have been if the wrongdoing had not occurred.

2.  An award of interest, costs and reasonable attorney fees.

3.  Whatever other equitable relief appears appropriate at the time of final judgment.

                                                **DEBORAH L. GORDON, PLC**
                                                s/Deborah L. Gordon (P27058)
                                                Carol A. Laughbaum (P41711)
                                                Attorneys for Plaintiff
                                                33 Bloomfield Hills Parkway, Suite 275
                                                Bloomfield Hills Michigan 48304

Dated:  November 17, 2009              Telephone 248 258 2500
                                                dgordon@deborahgordonlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LYNNE WOODISON LYMAN,**

    Plaintiff,

vs.                                                                                          **CASE NO.**

**GREATER BOSTON RADIO, INC.**                        **HON.** _____
a/k/a Greater Media, a/k/a Greater Media
Detroit, a Foreign Corporation**,**

    Defendant.

**Deborah L. Gordon PLC**
**Deborah L. Gordon (P27058)**
**Carol A. Laughbaum (P41711)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com

## JURY DEMAND

    Plaintiff **Lynne Woodison Lyman**, by her attorneys **Deborah L. Gordon, PLC,** hereby demands a trial by jury of all the issues in this cause.

                                                      **DEBORAH L. GORDON, PLC**
                                                      s/Deborah L. Gordon (P27058)
                                                      Carol A. Laughbaum (P41711)
                                                      Attorneys for Plaintiff
                                                      33 Bloomfield Hills Parkway, Suite 275
                                                      Bloomfield Hills Michigan 48304
Dated:  November 17, 2009                       Telephone 248 258 2500

dgordon@deborahgordonlaw.com