UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN WOODISON LYMAN,

      Plaintiff,

v.

                                          Case No. 2:09-cv-14502
                                          Hon. Paul D. Borman
GREATER BOSTON RADIO, INC.,              Mag. Mona K. Majzoub
a/k/a Greater Media, a/k/a Greater Media
Detroit, a Foreign Corporation,

      Defendant.

---

| | |
|---|---|
| DEBORAH L. GORDON (P27058) | THOMAS A. CATTEL (P32538) |
| CAROL A. LAUGHBAUM (P41711) | DEBRA A. COLBY (P60438) |
| Deborah L. Gordon, PLC | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33 Bloomfield Hills Parkway, Ste 275 | 33 Bloomfield Hills Parkway, Suite 120 |
| Bloomfield Hills, Michigan 48304 | Bloomfield Hills, Michigan 48304 |
| (248) 258-2500 | (248) 593-6400 |
| dgordon@deborahgordonlaw.com | (248) 593-2603 (fax) |
| | thomas.cattel@ogletreedeakins.com |
| | debra.colby@ogletreedeakins.com |

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE ACTION AND COMPEL ARBITRATION

Defendant Greater Boston Radio Inc., through its attorneys, hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's complaint (and/or for summary Judgment under Rule 56(c)), or in the alternative, to stay the action and compel arbitration.  In support of its motion, Defendant states:

1.      Plaintiff, Lynne Lyman, brought this action against Defendant alleging violations of Title VII, the ADEA and the FLSA.

2.      The parties' relationship is governed by an Employment Agreement containing a mandatory arbitration provision.

3.      Plaintiff's Complaint fails to state a claim upon which relief can be granted; or alternatively, there exists no genuine issue of material fact and Defendant is entitled to Summary Judgment as a matter of law.

4.      Plaintiff's action, consequently, should be dismissed under Fed. R. Civ. P. 12(b)(6), or Rule 56(c).  Alternatively, Plaintiff should be compelled to arbitrate her claims pursuant to the arbitration agreement and the action stayed pursuant to the Federal Arbitration Act ("FAA").  *See* 9 U.S.C. § 3.

5.      The facts and legal argument in support of this Motion are set forth in the attached Brief.

6.      There was a conference between attorneys  in which the movant explained the nature of the motion and its legal basis and requested the matter be referred to arbitration, but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant requests that this Court enter an Order dismissing Plaintiff's Complaint, or in the alternative, enter an Order staying the action and compelling arbitration.

Respectfully submitted,

s/Thomas A. Cattel
Thomas A. Cattel (P32538)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant Greater Boston Radio, Inc.
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
thomas.cattel@ogletreedeakins.com
Dated:  April 7, 2010                          debra.colby@ogletreedeakins.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 7, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Deborah L. Gordon and Carol A. Laughbaum and I hereby certify that I have mailed by U.S. Postal Service the paper to the following non-ECF participants: N/A.

s/Thomas A. Cattel

Thomas A. Cattel (P32538)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant Greater Boston Radio, Inc.
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
thomas.cattel@ogletreedeakins.com
debra.colby@ogletreedeakins.com

8432875.3 (OGLETREE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN WOODISON LYMAN,

      Plaintiff,

v.

                                      Case No. 2:09-cv-14502
                                      Hon. Paul D. Borman

GREATER BOSTON RADIO, INC.,
a/k/a Greater Media, a/k/a Greater Media
Detroit, a Foreign Corporation,

                                        Mag. Mona K. Majzoub

      Defendant.

---

DEBORAH L. GORDON (P27058)
CAROL A. LAUGHBAUM (P41711)
Deborah L. Gordon, PLC
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Ste 275
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

THOMAS A. CATTEL (P32538)
DEBRA A. COLBY (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
(248) 593-2603 (fax)
thomas.cattel@ogletreedeakins.com
debra.colby@ogletreedeakins.com

---

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE, TO STAY THE ACTION
AND COMPEL ARBITRATION**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES...............................................................................................ii

STATEMENT OF ISSUES PRESENTED.....................................................................iv

CONTROLLING AUTHORITY......................................................................................v

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND................................................................................1

III.    STANDARD OF REVIEW ...................................................................................3

IV.     ANALYSIS...............................................................................................................4

      1.      There Was a Valid and Binding Contract Covering Plaintiff's Claims..................5

      2.      Title VII, the ADEA and the FLSA Do Not Prohibit Arbitration .........................9

      3.      The Agreement Does Not Waive Substantive Rights or Remedies and Is
            Procedurally Fair.....................................................................................................10

      4.      Because the Parties Agreed to Arbitrate Their Disputes, This Action Must be
            Dismissed or Stayed................................................................................................11

V.      CONCLUSION......................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................................4

*AT&T Tech, Inc. v. Commc'n Workers of Am.*,
   475 U.S. 643 (1986) ...................................................................................7

*Carter v. Countrywide Credit Indus., Inc.*,
   189 F. Supp. 2d 606 (N.D. Tex. 2002) ......................................................9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ...................................................................................3

*Chippewa Valley Schools v. Hill*,
   62 Mich. App. 116 (1975) ..........................................................................5

*Circuit City v. Adams*,
   532 U.S. 105 (2001) ...................................................................................4

*Detroit Trust Co. v. Strug*,
   289 Mich. 595, 286 N.W.2d 844 (1939) ...................................................6

*Equal Employment Opportunity Comm'n v. Waffle House*,
   534 U.S. 279 (2002) ...................................................................................4

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ..............................................................................4, 5, 9

*Glazer v. Lehman Bros., Inc.*,
   394 F.3d 444 (6th Cir. 2005) .....................................................................7

*Green v. Ameritech Corp.*,
   200 F.3d 967 (6th Cir. 2000) ...................................................................11

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*,
   350 F.3d 568 (6th Cir. 2003) .....................................................................7

*Hutchinson v. Earl Scheib*,
   2007 WL 3053646 (E.D. Mich. Oct. 18, 2007) ......................................11

*Masco Corp. v. Zurich Am. Ins. Co.*,
   382 F.3d 624 (2004) ...................................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986)............................................................................................4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
    473 U.S. 614 (1985)............................................................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
    460 U.S. 1 (1983)........................................................................................11, 12

*Powell v. Jacor Commc'ns,*
    320 F.3d 599 (6th Cir. 2003) ...........................................................................3

*Rembert v. Ryan's Family Steak Houses, Inc.,*
    235 Mich. App. 118 (1999).............................................................4, 5, 10, 11

*Reynolds v. De Silva,*
    2010 WL 743510 (S.D. N.Y. Feb. 24, 2010).................................................9

*Shearson/Am. Express, Inc. v. McMahon,*
    482 U.S. 220 (1987).........................................................................................11

*Smith v. The Cheesecake Factory Restaurants, Inc.,*
    2010 WL 441562 (M.D. Tenn. Feb. 4, 2010)................................................9

*Stoudt v. J.D. Byrider,*
    228 F.3d 709 (6th Cir. 2000) ...........................................................................5

*Suschil v. Ameriprise Fin'l Servs., Inc.,*
    2008 WL 5130427 (N.D. 8 Ohio Dec 4, 2008) .............................................9

*T. H. Eifert, Inc. v. United Ass'n of Journeyman,*
    422 F. Supp. 2d 818 (W.D. Mich. 2006) ......................................................11

*Thomas v. Leja,*
    187 Mich. App. 418, 468 N.W.2d 58 (1991)..................................................6

*Timko v. Oakwood Custom Coating, Inc,*
    244 Mich. App. 234, 625 N.W. 2d 101, *appeal denied,* 464 Mich. 875 630 N.W.2d
    624 (2001)...........................................................................................................8

*Willis v. Dean Witter Reynolds, Inc.,*
    948 F.2d 305 (6th Cir.1991) .............................................................................9

## STATUTES

MCL 600.5001, *et seq.*...........................................................................................5, 6

9 U.S.C. § 1, *et seq.* ................................................................................................................5, 6

9 U.S.C. § 2 ..................................................................................................................................11

9 U.S.C. § 3 ..................................................................................................................................12

**RULES**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................3

Fed. R. Civ. P. 56(c) .......................................................................................................................3

## STATEMENT OF ISSUES PRESENTED

I.      WHETHER PLAINTIFF ENTERED INTO A BINDING AGREEMENT TO
        ARBITRATE THE CLAIMS RAISED IN HER LAWSUIT?


        Defendant Greater Boston Radio Inc. answers "Yes."

## <u>CONTROLLING AUTHORITY</u>

<u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614 (1985).

<u>Rembert v. Ryan's Family Steak Houses, Inc.</u>, 235 Mich. App. 118 (1999).

## I.      INTRODUCTION

Plaintiff Lynne Lyman entered into an Employment Agreement with Defendant Greater Boston Radio, Inc. wherein she agreed to submit all claims relating to her employment, or termination thereof, to final binding arbitration.  Nevertheless, Plaintiff filed the instant lawsuit alleging claims for sexual harassment, gender discrimination, age discrimination, unequal pay and retaliation during her employment, all of which clearly relate to her employment (or termination thereof).  Since Plaintiff agreed to submit her claims to arbitration in her Employment Agreement, and reaped the benefits of other provisions of that Employment Agreement, including the benefits of a renewal of that Agreement, Plaintiff's claims must be dismissed in favor of final and binding arbitration.

## II.     FACTUAL BACKGROUND

Plaintiff Lynne Lyman was employed by Greater Boston Radio, Inc. as a morning show co-host for radio station WCSX-FM pursuant to an employment agreement dated May 3, 2007 that she actively negotiated.  *See* Exhibit A, Employment Agreement.  The Agreement specifically provided that:

> *All disputes or conflicts of every kind or nature arising out of or in connection with this Agreement or relating to your employment or termination of employment shall*, upon written request of either party, be submitted to and resolved by final and binding arbitration by a single arbitrator in Detroit, Michigan in accordance with the rules of the American Arbitration Association. Judgment on any award of the arbitrator may be entered in any court having jurisdiction thereof.

Exhibit A, pg 5 (emphasis added).

The term of the Agreement began on March 1, 2007 and ended on February 29, 2008. Exhibit A, pg. 1.  The Company had a right to renew the Agreement for another year by giving Plaintiff notice in writing at least 30 days before the expiration of the current term.  Exhibit A,

pg. 2.  While Defendant admittedly has been unable to locate a written notice of renewal, the parties clearly operated under the extension of the terms of renewal.  For example, under the terms of the renewal option, the parties agreed that Plaintiff's wages would increase to $5,200.00 per week if the Company exercised the renewal option.  It is uncontested that Plaintiff's wages were in fact increased to that amount during the renewal year.

More importantly, on November 11, 2008, when the Company gave Plaintiff notice that her services were no longer necessary, the Company specifically stated,

> Your employment agreement with WCSX, dated April 13, 2007,[1] expires on February 28, 2009.  Due to upcoming programming changes on WCSX, your services on WCSX will not be required after November 11, 2008.
>
> Although your services will terminate on that date, ***your employment agreement will remain in effect through its expiration in February.  In accordance with the terms of the agreement***, you will continue to receive (1) your base compensation in the gross amount of $5,200.00 per week through February 28, 2009, (2) any ratings bonus earned for the Fall book (which will be prorated and paid out within 30 days after the release of the book and (3) any bonus earned in connection with your sales efforts and their Results Program (which will be prorated for the fourth quarter based on your services termination date).

Exhibit B, November 11, 2008 Memo (emphasis added).  Despite this language making clear that her termination was governed by her Employment Agreement, Plaintiff never asserted that her Employment Agreement had expired.  Instead, Plaintiff reaped the benefits of the termination provisions in her Employment Agreement and accepted wages for three (3) months after her last day of work (as well as bonuses).

Plaintiff has now filed the instant lawsuit in Federal Court asserting claims of sexual harassment, gender discrimination, age discrimination, retaliation, and unequal pay under federal

---

[1] Defendant notes that Plaintiff's Employment Agreement was actually dated May 3, 2007 and was signed on May 31, 2007 after Plaintiff engaged in various negotiations relative to the Agreement.

law stemming from her employment with Defendant.  Many of Plaintiff's factual allegations relate to events which occurred prior to February 28, 2008.  *See, e.g.,* Complaint ¶¶ 10-19, 25-26.[2]  Additionally, any allegations that precede her last Employment Agreement, were also subject to a similar agreement to arbitrate her claims.  *See* Exhibit C.  Accordingly, all of Plaintiff's allegations related to her employment or termination thereof would be subject to arbitration.

Defendant's counsel contacted Plaintiff's counsel to obtain voluntary dismissal of this action and agreement to proceed to arbitration, but such concurrence was not forthcoming.  Defendant now files this Motion to Dismiss the lawsuit, or in the alternative, motion to stay proceedings and compel arbitration.

## III.   STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, tests the legal sufficiency of the Complaint.  The Court may dismiss the Complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Powell v. Jacor Commc'ns, 320 F.3d 599 (6th Cir. 2003).  Alternatively, under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Summary judgment is proper when "a party…fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If the moving party satisfies its burden, the

---

[2] Defendant expects that all of the allegations in Plaintiff's Complaint, save those related to her actual termination, occurred prior to February 28, 2008.  However, Defendant will not learn the substance of Plaintiff's allegations until after it conducts discovery.

non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The mere existence of a scintilla of evidence in support of the non-moving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## IV.   ANALYSIS

Plaintiff's lawsuit must be dismissed based on her agreement to arbitrate her claims. The U.S. Supreme Court has consistently held that an agreement between an employer and employee to arbitrate employment-related disputes is enforceable. Circuit City v. Adams, 532 U.S. 105 (2001). *See also*, Equal Employment Opportunity Comm'n v. Waffle House, 534 U.S. 279 (2002); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) (requiring arbitration of an age discrimination claim pursuant to a pre-dispute arbitration agreement). The Court noted that there is a "liberal federal policy favoring arbitration agreements." Gilmer, 500 U.S. at 25. The Court explained the benefits of arbitration in the employment context:

> [T]here are real benefits to the enforcement of arbitration provisions. We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context. Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation.

Circuit City, 532 U.S. at 123; *see also*, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625-626 (1985)(recognizing arbitration as an efficacious means for parties to enforce their statutory rights and holding that parties who had agreed to arbitrate are bound by those agreements). The Michigan Court of Appeals has also recognized that Michigan public policy and federal public policy overwhelmingly favor arbitration as an inexpensive and expeditious alternative to litigation. Rembert v. Ryan's Family Steak Houses, Inc., 235 Mich.

App. 118, 127 (1999); s*ee also* the Michigan Arbitration Act (MAA), MCL 600.5001, *et seq*. and the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*.

Both Michigan and federal courts have held that a plaintiff who enters into a predispute agreement to arbitrate employment claims, including statutory civil rights claims, may be compelled to arbitrate those claims, and that if a plaintiff attempts to circumvent the arbitration procedure by filing a lawsuit, summary disposition of that lawsuit is appropriate provided the arbitration procedure meets certain criteria. Rembert v. Ryan's Family Steak Houses, Inc., 235 Mich. App. 118 (1999); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). Importantly, both Federal and Michigan courts have recognized the principle that any doubts about the contract or the parties' intentions should be resolved in favor of arbitration. Stoudt v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000); Chippewa Valley Schools v. Hill, 62 Mich. App. 116 (1975).

The Michigan Court of Appeals established a three-part test for determining if predispute agreements to arbitrate statutory employment discrimination claims are valid:

1)      the parties have agreed to arbitrate the claims;

2)      the statute itself does not prohibit such agreements;

3)      the arbitration agreement does not waive the substantive rights and remedies of the statute and the arbitration procedures are fair.

Rembert v. Ryan's Family Steak Houses, Inc., 235 Mich. App. at 156.  Plaintiff's Employment Agreement requiring arbitration of her claims clearly satisfies these requirements.

**1.      There Was a Valid and Binding Contract Covering Plaintiff's Claims**

A valid contract to arbitrate employment disputes exists between the parties.   The essential elements of a valid contract are:  "(1) parties competent to contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation."

Thomas v. Leja, 187 Mich. App. 418, 422, 468 N.W.2d 58 (1991), citing Detroit Trust Co. v. Strug, 289 Mich. 595, 286 N.W.2d 844 (1939).   Plaintiff entered into a written, signed Agreement with Defendant on May 31, 2007, wherein Plaintiff agreed that she would submit all disputes or conflicts of every kind arising out of or in connection with the Agreement or relating to her employment or termination of employment to arbitration.   *See* Exhibit A, Employment Agreement.   This Employment Agreement is clearly enforceable as it contains all essential elements of a valid contract:

- **Competent Parties**:  Defendant conducts business in Michigan and Plaintiff is a Michigan resident who is competent to enter into contracts.   Complaint ¶ 4).  Further, Plaintiff actively negotiated this Agreement.  *See, e.g.*,  Exhibit D, May 1, 2007 Email Chain.  There is no doubt that the parties are competent to contract.

- **Proper Subject Matter**:  The subject matter of the Agreement is proper pursuant to state and federal law.  MAA, MCL 600.5001, *et seq*. and FAA, 9 U.S.C. § 1, *et seq*.  Further, the Agreement covers the claims raised in this lawsuit because Plaintiff's Title VII, ADEA and FLSA claims arise out of or are in connection with Plaintiff's Employment Agreement.  The claims are additionally covered by the arbitration provision because Plaintiff's claims relate to her employment or termination of employment as her Complaint specifically alleges that "Plaintiff's claims arise out of her employment relationship with Defendant Greater Boston Radio, Inc."  Complaint, ¶  3.

- **Legal Consideration**:   Defendant performed all obligations under the Employment Agreement, including employing Plaintiff and paying her wages, in exchange for Plaintiff's agreement to submit disputes to binding arbitration.

- **Mutuality of Agreement and Mutuality of Obligation**:  Both parties agreed to the terms of the contract.  By signing the Employment Agreement, Plaintiff and Defendant clearly agreed to arbitrate all claims upon written request and be mutually bound by the decision of the arbitrator.

In summary, the elements of a valid contract are all present in this case, and Plaintiff's Agreement to Arbitrate must be enforced.

Based on previous correspondence, Defendant anticipates that Plaintiff will argue that the arbitration provision is not enforceable because the Employment Agreement allegedly expired on

February 29, 2008.  It is well established that any doubts regarding arbitrability must be resolved in favor of arbitration.  Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc., 350 F.3d 568, 573 (6th Cir. 2003); *accord* Masco Corp. v. Zurich Am. Ins. Co., 382 F.3d 624, 627 (2004); Glazer v. Lehman Bros., Inc., 394 F.3d 444, 451 (6th Cir. 2005).  There is a general presumption that arbitration is required, "unless it may be said with positive assurance that the arbitration clause is not susceptible of any interpretation that covers the assertive dispute."  Masco, 382 F.3d at 627, quoting Highlands, 350 F.3d at 576-77 and AT&T Tech, Inc. v. Commc'n Workers of Am., 475 U.S. 643, 650 (1986). Further, the party opposing arbitration bears the burden of proving that arbitration is not required.  Id.  Thus, to avoid arbitration, Plaintiff must show specifically that the dispute is not arbitrable.

Given this presumption of arbitrability, and the facts in this matter, Plaintiff's argument fails.  The Employment Agreement makes clear that the all disputes or conflicts of every kind or nature (a) arising out of or in connection with this Agreement; **_or_** (b) relating to [Plaintiff's] employment or termination of employment shall be subject to arbitration.  First, the majority of Plaintiff's claims arose out of or are in connection with Plaintiff's Employment Agreement.  Indeed, a quick review of Plaintiff's Complaint reveals that many of the factual allegations raised by Plaintiff occurred in 2007 (and prior to that date as well), while the first year of that Agreement was in effect by its express terms.  *See, e.g.,* Complaint ¶¶ 10-19, 25-26.  Plaintiff alleges issues related to the terms and conditions of her employment, as well as her working environment, and these claims clearly "arise out of or in connection" with Plaintiff's Employment Agreement to work as a morning show co-host.  Therefore, Plaintiff's claims are subject to arbitration for this reason alone.

7

Second, the requirement to submit claims to arbitration does not cease upon cessation of the Agreement.  The Arbitration Clause specifically states that, in addition to claims arising out of her Agreement, all claims *relating to Plaintiff's employment or termination of employment* must also be submitted to and be resolved by final and binding arbitration.  *See* Exhibit A, Agreement pg. 5.  Plaintiff's Complaint specifically states that her claims "arise out of her employment relationship" and therefore relate to her employment.  *See* Complaint ¶ 3.  Thus, all of Plaintiff's claims are subject to binding arbitration.

Third, the Employment Agreement did not expire.  The Employment Agreement contemplated that the Agreement could be renewed, and the parties renewed the Employment Agreement.  The uncontroverted evidence shows that Defendant paid Plaintiff the increased wages contemplated under the renewal provision of the Agreement.  More importantly, when Defendant chose to terminate Plaintiff's employment, it expressly noted that Plaintiff's Employment Agreement did not expire until February 28, 2009 and, based on that Agreement, continued paying Plaintiff wages through the expiration of its term so as to not breach the Employment Agreement.  *See* Exhibit B, November 11, 2008 Memo.  Plaintiff never came forward to deny the existence of a valid Employment Agreement.  Instead, she eagerly accepted those wages based on a valid contract which included an arbitration provision.  Continued employment and wages constitute legal consideration for an employment-related contract.  Timko v. Oakwood Custom Coating, Inc, 244 Mich. App. 234, 244, 625 N.W.2d 101, *appeal denied*, 464 Mich. 875 630 N.W. 2d 624 (2001) ("[employer] clearly provided plaintiff consideration to support enforcement of the terms of the application, specifically employment and wages.").  Accordingly, as evidenced by the parties' actions, the Employment Agreement

was renewed, including the arbitration provision, and Plaintiff is bound by the arbitration provision in her Employment Agreement.

In addition to the arbitration agreement in Plaintiff's 2007 Employment Agreement, Plaintiff also agreed to an arbitration provision in her prior Employment Agreement signed on May 13, 2003. It is believed that most of Plaintiff's allegations pertaining to Plaintiff's harassment claim occurred prior to the effective date of her 2007 Employment Agreement. Those allegations, and any claim arising thereof, are therefore governed by the arbitration clause (as well as a shortened limitations period) found in Plaintiff's prior Employment Agreement. *See* Exhibit C. Therefore, this matter should be dismissed in favor of arbitration.

**2.      Title VII, the ADEA and the FLSA Do Not Prohibit Arbitration.**

In her Complaint, Plaintiff alleges violations of Title VII, the ADEA and the FLSA. Nothing in any of these Acts prohibit the submission of claims to arbitration. The Sixth Circuit has held that a party may be compelled to arbitrate claims under both Title VII and the Age Discrimination in Employment Act. *See* Willis v. Dean Witter Reynolds, Inc., 948 F.2d 305, 312 (6th Cir. 1991) *see also*, Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S. Ct. 1647, 1657 (1991) (ADEA claims are arbitrable). Additionally, courts have held that claims under FLSA are subject to arbitration agreements. *See* Smith v. The Cheesecake Factory Restaurants, Inc., 2010 WL 441562 (M.D. Tenn. Feb. 4, 2010); Suschil v. Ameriprise Fin'l Servs., Inc., 2008 WL 5130427 (N.D. Ohio Dec 4, 2008) (staying all proceedings and ordering the parties to go to arbitration on individual FLSA claims); *see also*, Reynolds v. De Silva, 2010 WL 743510, *5 (S.D. N.Y. Feb. 24, 2010)(collecting cases finding FLSA claims are arbitrable); Carter v. Countrywide Credit Indus., Inc., 189 F. Supp. 2d 606, 617 (N.D. Tex. 2002)(FLSA claims are

subject to arbitration).  Stated simply, all of Plaintiff's claims may be properly submitted to arbitration.

**3.     The Agreement Does Not Waive Substantive Rights or Remedies and Is Procedurally Fair.**

Requiring Plaintiff's claims be submitted to arbitration does not waive any substantive rights.  Instead, it simply requires Plaintiff to utilize a forum separate from this Court to resolve her claims.  Such agreements are routinely upheld by the courts.

The agreed upon arbitration process is also procedurally fair.  When reviewing whether an arbitration agreement is fair, courts consider whether the agreement provides:  (1) clear notice; (2) the right to an attorney; (3) the right to a neutral arbitrator; (4) reasonable discovery; and (5) a fair arbitral hearing.  <u>Rembert</u>, 235 Mich. App. at 161-162.

In this case, Plaintiff received clear notice that arbitration was the exclusive forum for resolving claims regarding her employment.   The Employment Agreements that Plaintiff negotiated specifically provided that "*all disputes or conflicts of every kind . . . relating to your employment or termination of employment shall*" . . . "*be submitted to and resolved by final and binding arbitration.*" (Exhibit A, Employment Agreement pg. 5 (emphasis added)).   This constitutes clear notice that Plaintiff's claims arising out of her employment were subject to arbitration.  *See* Exhibit A, Employment Agreement pg 5.

Further, Plaintiff's last Employment Agreement provided that arbitration would be in accordance with the rules of the American Arbitration Association ("AAA").  *See* Exhibit A, Employment Agreement.   AAA's Rules clearly provide that a party may be represented by counsel (see Section 19), the process for selecting a neutral arbitrator (see Section 12), reasonable discovery (see Section 9), and a fair hearing (*see* AAA Rules, generally).  Exhibit E, AAA Rules.  The arbitration process is therefore procedurally fair.

In summary, Plaintiff agreed to arbitrate her claims, her claims are subject to arbitration and the agreed upon arbitration process satisfies the fairness standard.   Accordingly, the agreement to arbitrate in this case clearly meets the requisite tripartite test in <u>Rembert</u> and Plaintiff is bound by her agreement to arbitrate the claims raised in this action.

**4.   Because the Parties Agreed to Arbitrate Their Disputes, This Action Must be Dismissed or Stayed**

Given Plaintiff's voluntary agreement to arbitrate, Defendant requests that this matter be dismissed, or alternatively, stayed pending arbitration.   A written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract."   *See* 9 U.S.C. § 2.   Federal law strongly supports arbitration.   *See* <u>Hutchinson v. Earl Scheib</u>, 2007 WL 3053646 (E.D. Mich. Oct. 18, 2007) (slip opinion), quoting <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983) ("[a] any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration."; *see also* <u>Shearson/Am. Express, Inc. v. McMahon</u>, 482 U.S. 220, 226 (1987) (stating that the FAA establishes a "federal policy favoring arbitration," requiring courts to "rigorously enforce agreements to arbitrate").   Indeed a court should dismiss a lawsuit and compel arbitration when presented with a dispute between parties who have entered into a valid arbitration agreement. *See* <u>Green v. Ameritech Corp.</u>, 200 F.3d 967, 973 (6th Cir. 2000); <u>T. H. Eifert, Inc. v. United Ass'n of Journeyman</u>, 422 F. Supp. 2d 818, 828 (W.D. Mich. 2006) (rejecting a plaintiff's argument that the court must permit discovery into the party's intent with regard to an ambiguous arbitration clause instead of dismissing the action for lack of subject matter jurisdiction).

Alternatively, a court may stay an action that is subject to arbitration pending the results of the arbitration.  Section 3 of the FAA, explicitly ***requires*** a court to stay proceedings pending arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . ***shall*** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.  (emphasis added).

9 U.S.C. § 3; *see also*, <u>Moses H. Cone Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 26 ("[S]tate courts, as much as federal courts, are obliged to grant stays of litigation under § 3 of the Arbitration Act.").   Based on the arbitration provision agreed to by the parties, Defendant respectfully requests that this matter be dismissed.

## V.    <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that this Court enter an Order dismissing this action,  or in the alternative, enter an Order compelling Plaintiff to submit her claims against Defendant to arbitration and stay further proceedings in this Court pending the conclusion of the arbitration.

Respectfully submitted,

s/Thomas A. Cattel
Thomas A. Cattel (P32538)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant Greater Boston Radio, Inc.
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
thomas.cattel@ogletreedeakins.com
Dated:  April 7, 2010                          debra.colby@ogletreedeakins.com

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Deborah L. Gordon and Carol A. Laughbaum and I hereby certify that I have mailed by U.S. Postal Service the paper to the following non-ECF participants: N/A.

s/Thomas A. Cattel
Thomas A. Cattel (P32538)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant Greater Boston Radio, Inc.
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
thomas.cattel@ogletreedeakins.com
debra.colby@ogletreedeakins.com

8421518.4 (OGLETREE)

13